[Cite as *State v. Perez-Echeniquez*, 2025-Ohio-590.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-025 |
| | : | O P I N I O N |
| - vs - | | 2/24/2025 |
| | : | |
| FREDDY A. PEREZ-ECHENIQUEZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20240017

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Michael S. Klamo, Assistant Prosecuting Attorney, for appellee.

Culp, Parsons, and Murray LLC, and Joshua W. Beasley, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Freddy A. Perez-Echeniquez, appeals the sentence he received from the Madison County Court of Common Pleas following his guilty plea to one count of third-degree felony illegal conveyance of drugs onto the grounds of a specified governmental facility.[1] For the reasons outlined below, the trial court's sentence is

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

reversed and this matter is remanded to the trial court for the limited purpose of resentencing Perez-Echeniquez in accordance with R.C. 2929.16(A)(2).

{¶ 2} On September 6, 2024, Perez-Echeniquez pled guilty to one count of third-degree felony illegal conveyance of drugs onto the grounds of a specified governmental facility in violation of R.C. 2921.36(A)(2). The following month, on October 18, 2024, the trial court sentenced Perez-Echeniquez to serve two years of community control that included a community residential sanction of one year in jail, six months more than what was statutorily permissible under R.C. 2929.16(A)(2). With leave, Perez-Echeniquez filed a delayed notice of appeal on December 18, 2024. Following briefing, on February 5, 2025, Perez-Echeniquez's appeal was submitted to this court for consideration. Perez-Echeniquez's appeal now properly before this court for decision, Perez-Echeniquez has raised one assignment of error for review.

{¶ 3} THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A TERM OF INCARCERATION LONGER THAN ALLOWABLE UNDER O.R.C. 2929.16(A)(2).

{¶ 4} In his single assignment of error, Perez-Echeniquez argues the trial court sentenced him to serve a longer jail term than what was statutorily permissible under R.C. 2929.16(A)(2). Pursuant to that statute, the trial court had the authority to sentence Perez-Echeniquez to a community residential sanction of a term of up to six months in jail. The trial court, however, sentenced Perez-Echeniquez to serve a one-year jail term.

{¶ 5} The state concedes, and we agree, that the one-year jail term the trial court imposed upon Perez-Echeniquez exceeded the trial court's statutory authority under R.C. 2929.16(A)(2), thereby rendering the trial court's sentence otherwise contrary to law in violation of R.C. 2953.08(G)(2)(b). Therefore, finding merit to Perez-Echeniquez's single assignment of error, the trial court's sentence is hereby reversed and this matter is remanded to the trial court for the limited purpose of resentencing Perez-Echeniquez in

accordance with R.C. 2929.16(A)(2).

{¶ 6} Judgment reversed and remanded for resentencing.

HENDRICKSON, P.J., and M. POWELL, J., concur.